UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GINA SOLOMON,

                    Petitioner,

                                          Criminal No. 05-80330
                                          Civil No. 08-14447
vs.                                       HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

                    Respondent.

_____/

## ORDER DENYING § 2255 MOTION FOR RELIEF FROM SENTENCE (# 100)

      Gina Solomon, appearing pro per, filed a motion on October 17, 2008 for relief from sentence under 28 U.S.C. § 2255, seeking a determination of whether she was denied effective assistance of her trial attorney and her sentencing attorney in violation of the Sixth Amendment.  Oral argument would not significantly aid the decisional process.  Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

### I.  Background

      Petitioner Gina Solomon was indicted for one count of bank fraud, aiding and abetting, along with her co-defendant Elise Love.  Love faced three additional counts of embezzlement.  Petitioner was arrested on the indictment and arraigned on August 24, 2005.  On September 9, 2005, Donna Grant[1] was appointed to represent Solomon.

      The government's theory was that petitioner and Love were good friends who

_____

      [1]Ms. Grant died in October of 2008.

concocted a scheme to obtain money from the bank account of an unwitting victim, J. Murray, in order for petitioner to send the money off to a third individual in hopes of receiving a large inheritance .  Petitioner and Love were unaware that the inheritance story was part of a ruse known as the "Nigerian scheme."

After the trial, both petitioner and Ms. Grant claimed a breakdown in the attorney-client relationship and moved the Court to appoint new counsel post-trial.  The Court appointed Michael McCarthy to represent petitioner after her conviction.  Mr. McCarthy filed post-trial motions, represented petitioner at sentencing, and continued to represent petitioner on her appeal, all the way through seeking *certiori* to the U.S. Supreme Court.

## II.  Motion for Relief from Judgment

Petitioner argues that she received ineffective assistance of counsel at both the trial phase and the sentencing phase of her case.  Petitioner states five grounds for relief: she was forced to incriminate herself with evidence of a previous criminal case; counsel merely joined in motions filed by co-defendant's counsel; counsel failed to introduce evidence of the paper trail showing petitioner paid the money back; counsel failed to inform the Court of the stress suffered by petitioner due to fighting a previous case; and sentencing counsel did not tell the Court how petitioner would be severely and uniquely impacted by her sentence.

A convicted defendant's Sixth Amendment rights are violated if she is provided ineffective assistance of counsel.  The test to determine whether counsel was ineffective has two parts as set forth in <u>Strickland v. Washington</u>, 446 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components.  First, the defendant must show that counsel's performance was deficient.  This

2

> requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.   Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687.  To satisfy the first prong of the two part test, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  Id. at 688. Trial counsel's representation of a criminal defendant does not fall below an objective standard of reasonableness by failing to object to what was properly done, failing to do something or pursue motions that would have been futile, or failing to raise meritless objections.  Hyde v. McKee, No. 1:05-CV-39, 2007 WL 2571995, at *11 (W.D. Mich. Sept. 4, 2007) (citing United States v. Sanders, 404 F.3d 980, 986 (6th Cir. 2005); Harris v. United States, 204 F.3d 681, 681 (6th Cir. 2000); United States v. Hanley, 906 F.2d 1116, 1121 (6th Cir. 1990); and Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994)).  Furthermore, "[a] strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness."  Hughes v. United States, 258 F.3d 453, 457 (6th Cir. 2001).  To satisfy the second prejudice-prong of the Strickland test, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

Petitioner has alleged four grounds for her claim as it pertains to Ms. Grant.  First, petitioner faults Ms. Grant for the stipulation she negotiated with the government concerning petitioner's prior bank fraud conviction.  Before entering into the stipulation, Ms.

3

Grant opposed the introduction of this evidence by filing a motion to preclude its introduction.  Petitioner's plea in the prior case was never withdrawn or overturned, and remained a valid conviction at the time of her trial.   Only after the Court ruled against her, and she preserved the matter for appeal, did she enter into the stipulation.   The government indicated its intention to introduce live testimony from the case agent who investigated the prior case, but Ms. Grant convinced them to agree to a factual stipulation. A stipulation read to the jury is generally preferable from a defendant's viewpoint than live testimony concerning a conviction.   Ms. Grant's handling of this matter was in no way objectively unreasonable to form the basis of an ineffective assistance of counsel claim.

Petitioner's second claim for ineffective assistance is that Ms. Grant did not work hard enough on petitioner's behalf, and merely piggy-backed her defense on that of her co-defendant Ms. Love.   The facts show that Ms. Grant did join in Ms. Ashford's discovery motion that was filed before Ms. Grant was appointed, but she also filed her own motion to sever and motion to exclude 404(b) evidence.   At trial she fought against live witness testimony concerning the prior conviction, and she successfully advocated for a "good faith" jury instruction.   The Court is satisfied that Ms. Grant provided effective assistance to petitioner at trial, and in preparation for trial, and finds petitioner's second argument to be without merit.

Petitioner's third claim of misfeasance against Ms. Grant is that she failed to offer evidence of a paper trail showing amounts petitioner alleges to have borrowed and paid back.  Ms. Solomon testified herself at trial, explaining how she borrowed the money from Raynita Burke's trust account, but never stating anything about receipts or a paper trail. Other than her own assertion, there is no evidence of a paper trail, or that petitioner alerted

4

Ms. Grant to the existence of a paper trail.  Ms. Grant's unavailability renders this claim unprovable.  Furthermore, the existence of a paper trail would not negate the evidence of theft from Mr. Murray's account, nor would it have erased petitioner's depositing of Mr. Murray's money into her account.  Petitioner's paper trail argument is without merit.

The fourth claim of ineffective assistance is that Ms. Grant did not inform the Court that petitioner was fighting her previous conviction.  However, petitioner was not fighting that conviction at the time of her trial in this case.  Regarding the previous conviction, judgment was entered against petitioner on April 15, 2004, and there was no further activity in the case until the court denied a request for withdrawal of guilty plea on June 4, 2008. Only after petitioner lost her appeal in the instant case did she seek to overturn her 2004 conviction.  When this matter went to trial in March 2006, petitioner was time-bared from challenging the 2004 conviction both collaterally or by way of appeal.

Petitioner makes one claim of ineffective assistance as to her sentencing, which was handled by Michael McCarthy.  Petitioner claims Mr. McCarthy was ineffective because he failed to inform the Court of the severe hardship petitioner would face by having to serve a custodial sentence.  However, at sentencing, Mr. McCarthy told the Court, "She will have a great difficult time recovering from imprisonment.  She has mental health problems, which are documented in the report.  Unless there are physical problems, I think prison is devastating for her." (Sentencing Hrg, Tr. at 56).  Petitioner's argument that her sentencing counsel was ineffective is without merit.

Petitioner has failed to show that either her trial or sentencing counsel were deficient in their representation of her .  Without a showing of deficient performance there is also no showing of prejudice to the defense.  Petitioner's motion for relief from sentence is

5

DENIED.

## Conclusion

Solomon has failed to demonstrate that her trial counsel's and sentencing counsel's representation fell below an objective standard of reasonableness. Solomon has likewise filed to show that, but for her counsels' alleged errors, the results of Solomon's convictions or sentencing would be different. Solomon's motion for relief from sentence under 28 U.S.C. § 2255 is hereby DISMISSED.

In the event that petitioner appeals this order, she must obtain a certificate of appealability. The Court may issue a certificate of appealability if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court finds that petitioner has not made a substantial showing of the denial of a federal right. Therefore, the Court hereby finds that a certificate of appealability is not warranted.

SO ORDERED.

Dated: August 17, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 17, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

6